Jennifer LONGTINE, Plaintiff,

v.

Carolyn W. COLVIN[1], Commissioner of Social Security, Defendant.

No. 3:08–cv–00147 RP.–TJS.

United States District Court, S.D. Iowa, Davenport Division.

April 4, 2013.

---

**1.** Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should, therefore, be substituted for Michael J. Astrue as the Defendant in this suit. No further action need to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

William C. Purdy, Christopher D. Hagen–AUSA, U.S. Attorney's Office, Des Moines, IA, for Defendant.

Mary Hoefer, Hoefer Law Firm, Iowa City, IA, for Plaintiff.

## ORDER

ROBERT W. PRATT, District Judge.

The Court has before it a Motion for attorney fees filed by Mary Hoefer, the lawyer for Plaintiff Jennifer Longtine. Plaintiff obtained a remand from this Court on July 16, 2009, when the Court, acting upon Defendant's Motion, remanded this case to the Commissioner to re-evaluate Plaintiff's claim for Disability Insurance Benefits. The Commissioner asked for the remand order after Plaintiff filed her opening brief after obtaining a short continuance from the original date her brief was due. Plaintiff has submitted documents with her fee motion showing that she has devoted 19.1 hours of time to her work before the Court. Plaintiff also states that after the July 16, 2009 remand, Ms. Hoefer continued to represent her administratively. Relevant to this motion is that after the remand a second Administrative Law Judge denied the claim again. Plaintiff appealed that denial to the Appeals Council and obtained an administrative remand on January 28, 2012. Plaintiff states that she had a third hearing before an Administrative Law Judge on July 2, 2012. There is no indication in the record as to the date of the Administrative Law Judge's decision but counsel represents to the Court that a "closed period of disability" was found by the Administrative Law Judge with Plaintiff's period of disability beginning October 4, 2004 and ending December 31, 2010, when Plaintiff returned to earning wages that exceeded substantial gainful activity levels. These facts appear to be unobjected to by Defendant, so the Court will accept them as true as to what occurred after the Court's July 16, 2009 remand. Indeed counsel for the Defendant states that "proper documentation has been submitted" regarding the Motion for Attorney Fees.

█ Counsel for Plaintiff further represents that the "past due" benefits amounted to $110,795.00 and that the Commissioner withheld from those benefits the sum of $27,698.75 for any authorized attorney fee. Counsel states that she received $5,300.00 for her administrative work before the Social Security Administration on behalf of Plaintiff. Counsel also states that she did not file an application under the Equal Access to Justice Act, 28 U.S.C. 2412, and that she has reduced her fee request in this proceeding by the amount of $5,000.00, because of that failure. Under L.R. 541, b. counsel was obligated to either 1) file an EAJA application for fees within 30 days of the July 16, 2009 remand, or 2) a statement that she had searched the record and there was no grounds for a claim that Defendant's position was without substantial justification. As counsel concedes, she did neither.

█ Under controlling Supreme Court precedent, as the Commissioner points out, a court in a 42 U.S.C. 406(b)(1) proceeding is to act as an independent check on a plaintiff's motion for fees. Essentially, *Gisbrecht v. Barnhart,* 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002), requires the Court to determine if counsel's work was substandard. Part of that determination looks to whether there was any "undue delay" in prosecuting Plaintiff's claim. Additionally, the Court looks at the hours expended along with the amount involved to see if an award in the amount

requested would create a "windfall" to Plaintiff's counsel.

 Here, the Court does not believe that an award in the amount sought by Plaintiff's Counsel would be a windfall to her. The lawyer for Plaintiff requested a brief (30 day) continuance in submitting her argument to the Court. The past due benefits while large nonetheless are not reflective of any delay on Ms. Hoefer's part. In fact, the doggedness with which counsel persisted in this case is why the post remand work is relevant to an evaluation of Ms. Hoefer's work. While the Court recognizes that it has no authority to award fees for work performed before the agency, in this case it can look to the long term commitment made by Ms. Hoefer to Plaintiff in pursuing her claim. The attorney fee award, while seemingly large overlooks the fact that Plaintiff obtained the "keys to the courthouse" for Plaintiff by virtue of the fee contract with Ms. Hoefer, which was of course contingent upon Ms. Longtine prevailing in obtaining some past due benefits.

The contingent fee is based, in part at least, on the idea that while it will provide access to our courts, there will be many cases where no award will be made to counsel because of the plaintiff's failure to prevail in any respect. Lastly, the contract of October 14, 2008 demonstrates at least some evidence that Plaintiff herself believes that no windfall has taken place if the award of fees is made as requested here.

Accordingly, the Court orders the Commissioner to pay to Plaintiff's counsel the sum of $17,398.75. This sum represents the amount withheld from Plaintiff's past due benefits ($27,698.75) less $5,300.00 awarded for work performed before the Social Security Administration, less the $5,000.00 that perhaps would have been awarded to Plaintiff's counsel had she filed an EAJA fee application. The remaining funds should be released to Plaintiff Ms. Longtine. The Court believes this sum provides a "reasonable fee" to Counsel.

IT IS SO ORDERED.